COMMERCIAL CREDIT COMPANY, demandante y apelante, *v.* LUIS COLL WALLINGTON, demandado y apelado.

No. 4092.—*Visto:* Febrero 15, 1927. *Resuelto:* Julio 7, 1927.

VENTAS—VENTAS CONDICIONALES—ACCIONES POR EL VENDEDOR O SU CESIONARIO—SOBRE ENTREGA DE LA COSA VENDIDA—INCUMPLIMIENTO DEL CONTRATO POR EL COMPRADOR—EFECTO.—Probado el incumplimiento por el comprador de las condiciones estipuladas, el cesionario del vendedor tiene derecho a que se le entregue la cosa vendida—automóvil—sin que al reconocimiento de ese derecho pueda servir de obstáculo el hecho de que dicho automóvil chocara y que, no habiéndolo asegurado el vendedor, según convenio, éste haya sido demandado para el pago de los daños sufridos.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), desestimando petición sobre entrega de bienes muebles vendidos condicionalmente, sin costas. *Revocada,* devolviéndose el caso.

*Pedro Amadeo Rivera* y *F. Soto Gras,* abogados de la apelante; *Antonio Lens Cuena,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Santiago A. Panzardi, Ltd., vendió condicionalmente un

automóvil a don Luis Coll Wallington el 16 de febrero de 1926, de acuerdo con la Ley No. 61 de 1916 enmendada por la Ley 40 de 1925, quedando pendiente de pago la cantidad de $890.25, para ser satisfecha en varios plazos mensuales empezando desde el 16 de marzo del mismo año. Panzardi cedió sus derechos y acciones en esa venta a Commercial Credit Co. la que a fines del mes de abril de ese año presentó a la Corte de Distrito de San Juan una petición jurada de acuerdo con dicha ley alegando que el comprador no había pagado las mensualidades de los meses de marzo y abril de dicho año ni cantidad alguna de su deuda, por lo que solicitó que el automóvil le fuera entregado sujeto a las disposiciones de la ley.

Aceptó don Luis Coll Wallington la compraventa condicional y que no había pagado las mensualidades dichas ni cantidad alguna a cuenta del precio aplazado pero alegó como defensa que a los doce días de haber comprado el automóvil éste tuvo un choque con otro automóvil en el que sufrió grandes desperfectos, y que siendo condición de la venta que Panzardi asegurase el automóvil contra accidente hasta que fuese pagado totalmente y para lo cual le entregó el demandado dinero para satisfacer la póliza de seguro, Panzardi dejó de hacerlo por lo que el comprador lo ha demandado para que le pague los daños y perjuicios que ha sufrido.

Celebrado el juicio y probadas todas esas alegaciones la corte dictó sentencia declarando sin lugar la demanda por el fundamento de que tratándose de un procedimiento especial no es procedente resolver en él cuestiones de derecho y aplicando por analogía lo que hemos resuelto en los casos de desahucio.

En el recurso de apelación que la Commercial Credit Co. ha interpuesto contra esa sentencia alega tres motivos de error, que pueden resumirse así: haber desestimado su moción para que fuese eliminada la defensa alegada por el

comprador y haberse fundado en ella para declarar sin lugar la demanda. La parte apelada no ha presentado alegato.

Según la citada ley y su enmienda, en los contratos de ventas condicionales de propiedad mueble el título de propiedad de la cosa vendida queda retenido en el vendedor hasta que sea totalmente pagada y se cumplan todas las condiciones del contrato; y si el comprador faltare al cumplimiento de las condiciones estipuladas, el vendedor o su cesionario tiene derecho a que la corte ordene que se le entregue la cosa vendida condicionalmente para proceder de acuerdo con otras disposiciones de la ley, por lo que habiendo aceptado el comprador, y habiéndose probado, que no ha pagado las dos mensualidades anteriores a la petición jurada, tiene derecho la apelante a que le sea entregado el automóvil, sin que al reconocimiento de ese derecho puedan servir de obstáculo las alegaciones que como defensa alegó y probó el comprador porque siendo el automóvil propiedad del vendedor, y luego de su cesionario, el hecho de que Santiago A. Panzardi, Ltd., haya faltado a la condición estipulada de asegurar el automóvil no da derecho al comprador a quedarse con él sin pagar los plazos adeudados ni tampoco aunque haya establecido una demanda contra su vendedor directo en reclamación de daños y perjuicios derivados del choque que tuvo el automóvil. El comprador no tiene el derecho de tomarse la justicia por sus manos y debió pagar o entregar el automóvil independientemente de la acción que pueda tener contra Santiago A. Panzardi, Ltd., por haber dejado de obtener la póliza de seguro del automóvil. No hay paridad entre este caso, en que no se discute por las partes la propiedad del automóvil, y aquellos de desahucio en que se niega por el demandado la propiedad y su alegación no esté desprovista de alguna prueba, en cuyos casos es que hemos resuelto que tal cuestión es propia de un juicio ordinario y no de un juicio de desahucio.

La resolución apelada debe ser *revocada y devolverse el caso* a la corte inferior para que dicte ·otra de acuerdo con los principios enunciados en esta opinión.