THE NATIONAL CASH REGISTER Co., demandante-apelada- apelante, *v.* R. A. BERDEGUEZ, demandado-apelante-apelado.

No. 3733.—*Visto:* Marzo 8, 1927. *Resuelto:* Julio 14, 1927.

1. VENTAS—VENTAS CONDICIONALES—FORMA EN QUE OPERAN LAS CONDICIONES DEL CONTRATO DE VENTA Y EFECTO DE ÉSTAS EN CUANTO A TERCEROS—EN GENERAL—INSCRIPCIÓN DEL CONTRATO.—Los compradores posteriores de un objeto mueble vendido condicionalmente lo adquiere sujeto a las mismas condiciones en que lo tenía el primitivo comprador cuando el contrato de venta se ha inscrito condicionalmente.

2. VENTAS—VENTAS CONDICIONALES—INSCRIPCIÓN DEL CONTRATO DE VENTA—PRECEPTOS ESTATUTORIOS—INTERPRETACIÓN. — Habiendo discrepancia entre los textos Inglés y Castellano de la Ley No. 61 de 1916 (p. 126) en cuanto al sitio en que debe inscribirse el contrato de venta condicional, habiendo sido presentada la ley en Inglés y aprobado en ese idioma por el Gobernador, el texto en Inglés debe prevalecer.

3. VENTAS—VENTAS CONDICIONALES—INSCRIPCIÓN DEL CONTRATO DE VENTA—LUGAR EN QUE DEBE INSCRIBIRSE.—El contrato de venta condicional debe inscribirse en el domicilio del comprador según el texto Inglés de la Ley No.

61 de 1916 (p. 126) y no en el sitio del domicilio del vendedor que prescribe el texto castellano de dicha ley.

4. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—ENVÍO, RADICACIÓN, IMPRESIÓN Y SERVICIO DE COPIAS—OMISIÓN DE RADICAR EL RÉCORD DE APELACIÓN Y EFECTO—DESESTIMACIÓN.—Apelada una sentencia en cuanto a su pronunciamiento de costas, cuando el apelante no perfecciona la apelación presentando al Supremo la transcripción de los autos ni presenta alegato escrito para sostenerla, el recurso debe desestimarse.

SENTENCIA de *Rafael Díaz Cintrón, J.* (Ponce), declarando con lugar la demanda, sin costas. *Sin lugar el recurso del demandado, desestimado el de la demandante y confirmada la sentencia apelada por el demandado.*

*Manuel Cruz Horta* y *H. R. Francis,* abogados de la demandante-apelada-apelante; *López de Tord & Zayas Pizarro,* abogados del demandado-apelante-apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

The National Cash Register Co. vendió condicionalmente el 28 de diciembre de 1921 a M. Cajigas e Hijos una caja registradora marcada con el No. 442–1379–797 y valorada en $350, de los cuales el comprador pagó $35 pero no satisfizo el resto del precio que se comprometió a pagar en plazos mensuales; venta que fué registrada en el registro de contratos condicionales del municipio de Aguadilla, domicilio del comprador.

Esa caja fué vendida en subasta en la quiebra de M. Cajigas e Hijos y comprada por Francisco Forteza y Ca. que la vendió a R. A. Berdeguez, a quien ha demandado The National Cash Register Co. en octubre de 1923 para que le entregue dicha caja, a lo que se opuso el demandado.

La Corte de Distrito de Ponce, en grado de apelación, dictó sentencia condenatoria sin especial condena de costas que ha sido apelada por ambas partes, aunque limitado el recurso de la demandante al particular de las costas.

[1] Dispone la Ley No. 61 de 1916 vigente en la fecha de la venta condicional de la expresada caja que el título de propiedad de las cosas muebles vendidas condicional-

mente será retenido por el vendedor hasta que haya sido pagado totalmente o hasta que ocurra cualquier futuro evento o contingencia sujetos a las disposiciones de esa ley, teniendo derecho a recuperar la cosa en caso de incumplimiento del contrato sujeto a otras disposiciones de la ley; condiciones que serán nulas en cuanto a terceras partes, y en lo que respecta a ellas la venta será considerada como absoluta, a menos que el contrato conteniendo dichas condiciones y reservas, o una copia fiel del mismo, haya sido inscrito en la secretaría del municipio donde resida el comprador en el registro de ventas condicionales; y como en este caso el contrato de venta condicional a M. Cajigas e Hijos fué inscrito en la forma dispuesta por la ley, las condiciones del mismo perjudican a los compradores posteriores quienes adquirieron la caja sujeta a las mismas condiciones en que la tenía Cajigas e Hijos, por lo que la demandante tiene derecho a que le sea entregada la caja.

[2, 3] Discute el demandado-apelante que el contrato debió inscribirse en el domicilio del vendedor como dice el texto en castellano de la ley, pero el texto en inglés dice que la inscripción se haga en el domicilio del comprador, y esa ley fué presentada en inglés y en este idioma fué aprobada por el Gobernador de esta Isla.

Las otras cuestiones suscitadas por el demandado no tienen importancia.

[4] La apelación interpuesta por el demandante por las costas no ha sido perfeccionada presentándonos la transcripción de los autos para su apelación ni presentándonos su alegato escrito para sostenerla, por lo que debe ser desestimada.

*La apelación del demandado debe ser declarada sin lugar y confirmarse la sentencia apelada, y el recurso de la demandante debe ser desestimado.*