OTERO & Co., S. EN C., demandante y apelante, *v.* LUIS MENDÍN SABAT, demandado y apelado.

No. 5277.—*Sometido:* Diciembre 16, 1930. *Resuelto:* Marzo 12, 1931.

*R. Hernández Matos,* abogado de la apelante; *Luis Mendín Sabat,* como abogado, por sí y en su propia representación.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la declaración jurada presentada en este caso el 15 de noviembre de 1929, en la Corte Municipal de Ponce, de acuerdo con la Ley número 61 de 15 de abril de 1916 sobre ventas condicionales, enmendada por la número 88, de 1925 (p. 671), Código Civil (Ed. 1930), página 412, se alega que el 29 de julio de 1926 Luis Mendín Sabat compró a la demandante una pianola por $950, pagando $400 de contado y comprometiéndose a pagar $550 a razón de $30 mensuales, y que Mendín llegó a pagar $450 en plazos y no satisfizo los dos últimos que vencieron el 1 de septiembre y el 1 de octubre de 1927. Basándose en ello, el vendedor reclamó la entrega de la pianola vendida, a los efectos expresados en la sección 6 de la ley indicada.

Contestó el demandado aceptando la celebración del contrato. Alegó que había pagado la totalidad del precio. Alegó además que la demanda o declaración jurada no aducía hechos suficientes para determinar una causa de acción y que en todo caso la acción había prescrito a tenor del artículo 1869 del Código Civil.

Después de la declaración y de la contestación a que acabamos de referirnos, aparece en la transcripción elevada a esta Corte Suprema la sentencia dictada por la corte municipal que, en lo pertinente, dice:

"No habiendo probado la demandante Otero & Co., S. en C., los hechos alegados en su petición, se declara sin lugar la misma, sin especial condenación en costas."

Apeló la demandante para ante la Corte de Distrito de Ponce. Suscitó el demandado varias cuestiones previas, y resolviendo una, la de prescripción, falló el caso también en

favor del demandado. La demandante recurrió entonces para ante este tribunal.

En su oportunidad pidió el demandado que se desestimara el recurso por razón de la cuantía y esta corte dijo:

"Vista la moción que antecede sobre desestimación de la presente apelación, y no habiéndonos convencido el promovente de la carencia de jurisdicción por virtud de la cuantía envuelta, no ha lugar a la desestimación solicitada."

Insiste el demandado en su alegato en la cuestión de jurisdicción que antes levantara, y estudiándola de nuevo el tribunal se ratifica en su anterior resolución.

▇ La sección 6 de la ley especial sobre la materia— Código Civil (Ed. 1930), página 416—en lo pertinente, dice:

". . . *Disponiéndose,* que para que el vendedor condicional pueda recuperar los bienes muebles o semovientes objeto del contrato, para ser retenidos por el indicado término de treinta días, deberá presentar ante el juez de la corte con jurisdicción en el caso, una declaración escrita. . ."

Siendo ello así, determina la jurisdicción de las cortes la cuantía de la cosa vendida condicionalmente y reclamada por el vendedor a los efectos de ley. La cuantía de la cosa vendida en este caso es la de $950, superior a la fijada por el número 2 del artículo 295 del Código de Enjuiciamiento Civil para determinar la jurisdicción de esta Corte Suprema en casos decididos por las cortes de distrito procedentes de las cortes municipales.

▇ Ahora bien, el estudio de la cuestión nos lleva a otra consecuencia inevitable: la de que ambas cortes, la municipal al conocer del caso originalmente y la de distrito al decidirlo en apelación, actuaron sin jurisdicción, porque sólo hasta $500 alcanza la de la corte municipal y aquí el valor de la cosa reclamada fijado en el contrato excede de esa suma.

*En tal virtud debe dejarse sin efecto la sentencia apelada, pero no por los fundamentos que alega la parte apelante, sino por haber sido dictada sin jurisdicción, y procediendo*

*a dictar esta corte la única resolución que pudo dictar la de distrito en el caso, debe anular también la sentencia pronunciada por la corte municipal, por falta de jurisdicción, todo sin especial condenación de costas.*