T. H. SMALLWOOD, haciendo negocios bajo el nombre de SMALLWOOD BROS., peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandada.

Núm. 1088.—*Sometido:* Noviembre 16, 1936.—*Resuelto:* Noviembre 18, 1936.

*Luis Ríos Algarín,* abogado del peticionario; *H. González Blanes,* abogado del Sr. Biascoechea en el pleito civil núm. 25408 seguido por él en la Corte de Distrito de San Juan, P. R.; el Juez demandado radicó su contestación a la petición de *certiorari.*

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

T. H. Smallwood, dedicado a negocios bajo el nombre de Smallwood Brothers, presentó ante la Corte de Distrito de San Juan una declaración jurada con arreglo a la Ley de Ventas Condicionales de Bienes Muebles y Semovientes, aprobada el 13 de abril de 1916 (pág. 126) y enmendada

por la Ley núm. 40 de 27 de junio de 1925 (pág. 247) y la núm. 88 de 22 de agosto del mismo año (pág. 671). Se hace constar en ella que Wilfredo Norat había dejado de pagar seis plazos vencidos de un automóvil marca Ford Station Wagon que le fué vendido mediante contrato de venta condicional de fecha 16 de marzo de 1935, el cual fué inscrito el 20 del mismo mes en el Departamento del Interior.

El comprador Norat, quien fué citado para una audiencia con copia de la citación, de la declaración jurada y del diligenciamiento, no compareció al acto de la vista, y habiéndose probado que dicho comprador no había cumplido con las condiciones del contrato de venta condicional, la corte dictó una orden de restitución dirigida al márshal, para que se incautara del automóvil "sacándolo de la posesión del demandado o de cualquiera otra persona" y lo entregara a la demandante a los efectos procedentes. Negóse el márshal a diligenciar la orden referida, haciendo constar en el certificado de diligenciamiento:

1. Que el automóvil se encontraba *in custodia legis* a virtud de embargo trabado en el caso civil núm. 25408, de los de la Corte de Distrito de San Juan, Alberto Biascoechea v. Carolina Bus Line, Inc.

2. Que no pudo localizar a Wilfredo Norat.

3. Que se consideraba sin autoridad legal para resolver si el automóvil pertenecía a Norat o a la Carolina Bus Line, Inc.

El día 3 de septiembre de 1936 radicó el vendedor condicional una moción pidiendo a la corte que ordenara al márshal entregarle el carro a pesar del embargo trabado sobre él.

Celebrada una vista, a la que asistió solamente el promovente, la corte declaró sin lugar la moción, diciendo:

"Estudiada la cuestión, considera la corte que el procedimiento de reposesión de bienes muebles a que se refiere la ley de ventas condicionales, que es uno entre vendedor y comprador, aunque se provee que los bienes podrán ser reposeídos dondequiera que se hallaren, no priva a un tercero el embargo de la propiedad vendida con-

dicionalmente, y que cuando tal embargo se practique y la propiedad es ocupada y se conserve en custodia legal, pueda entregarse con la mera presentación de la orden de restitución, pues ello constituiría la pérdida o abandono del embargo, o del derecho de retención, *lien,* sobre la propiedad embargada. *Oronoz & Co.* v. *Alvarez,* 23 D.P.R. 536. Y no podría la corte, mediante una simple moción en el procedimiento de restitución, donde no es parte el embargante, resolver el derecho que pudiera tener sobre la propiedad en contrario al del vendedor condicional.''

El caso ha sido elevado ante nos mediante petición de *certiorari* para que se revise y anule la orden dictada por la corte de distrito.

En el acto de la vista compareció el abogado del peticionario y los letrados F. Fernández Cuyar y Héctor González Blanes, como representantes del señor Alberto Biascoechea, quien alega tener un interés en la controversia por haber embargado el automóvil objeto de este litigio en un pleito civil seguido por él contra Carolina Bus Line, Inc., la que adquirió el automóvil por compra a Wilfredo Norat.

Arguye la representación del embargante Biascoechea que la corte de distrito no podía resolver sobre los derechos de todas las partes interesadas en el automóvil, dentro del procedimiento iniciado por Smallwood Brothers para recuperar la posesión, y que esa resolución podía dictarse solamente dentro de un juicio plenario sobre tercería.

El contrato de venta condicional celebrado entre Smallwood Brothers y Norat contiene, entre otras, las siguientes estipulaciones:

(a) ''Que el mencionado vehículo queda de la propiedad absoluta del Vendedor, sus herederos, cesionarios o causahabientes hasta que el Comprador haya satisfecho el importe total de los plazos estipulados y hasta que haya cumplido con todas y cada una de las condiciones a cuyo cumplimiento se hubiera obligado mediante este contrato, siendo únicamente entonces que dicho vehículo pasará a ser de la propiedad del Comprador.

(b) '' . . . El comprador no podrá dar en prenda, ni disponer de dicho vehículo en manera alguna, etc.

(c) " . . . Si el comprador tratara de vender, gravar o prestar dicho vehículo o enviarlo fuera de Puerto Rico mientras estuviere en vigor este contrato, entonces el Vendedor, sus sucesores o causahabientes podrán apropiarse de dicho vehículo en la forma que la ley prescribe.

(d) "Por el presente contrato se conviene expresamente entre todas las partes que, caso de no cumplimiento del mismo en cualquiera de sus obligaciones, o parte de ellas, el Vendedor se reserva y tendrá derecho de proceder inmediatamente a reposeer el carro vendido de acuerdo con las leyes vigentes al efecto, etc.''

Pasaremos por alto el efecto legal que pueda tener en cuanto a tercero la prohibición de enajenar contenida en el contrato inscrito y examinaremos solamente los derechos que pueda tener el comprador subsiguiente de propiedad mueble o semoviente, vendida originalmente por virtud de un contrato de venta condicional, debidamente inscrito.

Dispone la ley sobre ventas condicionales de bienes muebles y semovientes, que cuando la cosa vendida es entregada al comprador, todas las condiciones y reservas estipuladas en el contrato, al efecto de que la propiedad de la cosa vendida será retenida por el vendedor condicional hasta que se haya pagado el precio, serán nulas en lo que respecta a compradores subsiguientes, depositarios o hipotecarios de buena fe, u otras terceras partes; y que en cuanto a esas terceras partes la venta será considerada como absoluta, a menos que dicho contrato de venta conteniendo tales condiciones y reservas haya sido inscrito según lo requiere la misma ley. Véase: artículo 3 de la Ley núm. 61 de abril 13, 1916. Debemos sostener, *a converso,* que si el contrato que contiene las condiciones y reservas ha sido debidamente inscrito, en ese caso la venta no puede ser considerada como absoluta con respecto a un comprador subsiguiente y que éste no puede tener mayores derechos que los que la ley concede al comprador condicional original, pues es muy conocida la máxima *nemo dat qui non habet.* El comprador subsiguiente adquiere un derecho de propiedad

sujeto a una condición resolutoria, que es lo único que pudo transmitirle el comprador original. Véanse: *Montalvo v. Valdivieso*, 38 D.P.R. 545; *Rubio Salinas* v. *Salvador R. Nin, Inc.*, 48 D.P.R. 977.

■■ Apareciendo de los autos originales que el contrato que contiene las condiciones y reservas arriba transcritas fué debidamente inscrito en el Registro del Departamento del Interior en marzo 20, 1935, bajo el número 30,314, debemos resolver que cualquiera persona que alegue tener algún derecho sobre el automóvil en cuestión, bien sea como comprador subsiguiente o como tenedor de algún gravamen sobre el automóvil, adquirido con posterioridad a la fecha de inscripción del contrato de venta condicional, ocupa la misma posición legal que ocupaba el comprador condicional original bajo las condiciones y reservas del contrato de venta condicional, las cuales son obligatorias para cualquier poseedor subsiguiente. En otras palabras, asumiendo que el comprador condicional tenga derecho a vender la propiedad mueble o semoviente, antes de haber pagado el importe total de los plazos estipulados, no obstante la prohibición expresa del contrato, debemos sostener que el comprador subsiguiente o el que adquiera un gravamen sobre o embargue la propiedad mueble o semoviente, adquiere solamente los mismos derechos que tuviere el comprador original sujetos al derecho del vendedor a resolver la venta y a recobrar la posesión del objeto vendido, en caso de incumplimiento de las condiciones bajo las cuales se hizo la venta.

■■ No podemos aceptar la teoría aducida por la representación del señor Biascoechea y adoptada por la corte inferior, de que el vendedor condicional esté obligado, para hacer valer sus derechos como tal, a recurrir a un juicio plenario sobre tercería. Su aceptación equivaldría a destruir por completo el efecto y propósito fundamental de la Ley de Ventas Condicionales, que es el de dar al vendedor condicional garantía y protección contra el posible fraude de un comprador y un remedio legal rápido y adecuado para

poder recuperar sumariamente la posesión de la propiedad, sobre la cual se ha reservado expresamente ese derecho. La inscripción en el registro provisto por la ley, es una notificación o aviso al comprador subsiguiente o a cualquier persona que reclame un derecho o gravamen subsidiario al de éste, de que el "comprador condicional" original no tiene un derecho absoluto de propiedad sobre el mueble o semoviente, vendídole condicionalmente y que no adquirirá ese derecho hasta que haya pagado íntegramente los plazos estipulados. Y no solamente el registro, sino la ley misma, avisan al comprador subsiguiente de un mueble o semoviente vendido condicionalmente por contrato inscrito, que el vendedor condicional podrá recuperarlo al faltarse al cumplimiento de las condiciones resolutorias bajo las cuales se hizo la venta.

El vendedor condicional puede, mediante el procedimiento autorizado por el artículo 6 de la Ley núm. 61 de 1916 (pág. 126), enmendado por la núm. 40 de junio 27 de 1925 (Leyes de 1925, pág. 247) recuperar los bienes vendidos condicionalmente, al faltarse al cumplimiento de las condiciones de venta, ejercitando su acción no solamente contra el comprador condicional original, sino también contra cualquier comprador subsiguiente que poseyere los bienes vendidos, o contra cualquiera otra persona que alegare tener algún derecho o gravamen sobre los mismos.

Consideramos que ha sido un error de la corte inferior el sostener que Smallwood Brothers está obligado a recurrir a un pleito ordinario de tercería, para poder recuperar la posesión del automóvil vendido a Norat y por éste vendido a Carolina Bus Line, Inc., en poder de la cual fué embargado por Biascoechea. El objeto principal de una demanda de tercería es dirimir en un solo juicio el derecho de propiedad sobre algún objeto determinado, sobre el cual se alegan títulos diversos y en conflicto entre sí.

En el caso de autos no existe conflicto alguno de títulos. El derecho que se reservó Smallwood Brothers, como ven-

dedor condicional, para poder recuperar la posesión del carro en el caso de que el comprador o su cesionario dejare de pagar los plazos convenidos, es un derecho preferente.

El artículo 6 de la Ley de Ventas Condicionales, enmendado por la Ley núm. 40 de 1925, reconoce el derecho del vendedor a proceder a la recuperación del carro, por el procedimiento especial de dicha ley, contra el comprador o su cesionario, pues en lo pertinente dispone:

"Artículo 6.—Siempre que se venden artículos bajo condición de que el título de propiedad de los mismos será retenido por el vendedor, o por cualquiera otra persona que no sea el comprador, hasta que se verifique el pago del precio de compra, o hasta que ocurra un futuro evento o contingencia, los mismos podrán ser recuperados por el vendedor o su cesionario, al faltarse al cumplimiento de las condiciones de venta, y en dicho caso aquéllos serán retenidos por un período de treinta (30) días contados desde la fecha en que se hubieren recuperado y durante dicho período el comprador o su cesionario, podrán dar cumplimiento a los términos del contrato y subsiguientemente recibir dichos bienes. . . . *Disponiéndose:* Que para que el vendedor condicional pueda recuperar los bienes muebles o semovientes objetos del contrato, para ser retenidos por el indicado término de treinta (30) días, deberá presentar ante el juez de la corte con jurisdicción en el caso, una declaración escrita y jurada haciendo constar que el comprador condicional no ha cumplido los términos del contrato de venta y que la reclamación se hace de buena fe, acompañando a dicha declaración jurada una copia del contrato de venta condicional que contenga nota de su inscripción en el registro de ventas condicionales establecido por esta Ley. Al recibir el juez la declaración jurada y la copia del contrato, *citará a las partes interesadas para una audiencia que tendrá lugar dentro de los diez días siguientes a la fecha de la citación,* y después de citarlas verbalmente para conocer el caso, si estimare que no se ha cumplido la condición por el comprador, dictará una orden disponiendo que el márshal se incaute de los bienes reclamados, los cuales bienes el márshal los entregará al vendedor condicional sujetos a las disposiciones de esta Ley. . . . " (Bastardillas nuestras.)

La corte de distrito ha podido y ha debido resolver la controversia entre Smallwood Brothers, como vendedor, Wilfredo Norat, como comprador condicional, Carolina Bus

642

Line, Inc., como comprador subsiguiente, y Alberto Bias-coechea, como embargante de un carro vendido condicional-mente, dentro del procedimiento especial de reposesión iniciado por el vendedor condicional, citando a todas las partes interesadas para una audiencia que debería celebrarse dentro de los diez días siguientes a la fecha de la citación. Y fué un error de la corte inferior no hacerlo así.

■ Debemos sostener, por otra parte, que el comprador subsiguiente o cesionario de la propiedad vendida condicionalmente y el embargante del interés que sobre dicha propiedad hayan podido adquirir los primeros, no pueden ser desposeídos de su interés o. derecho sin ser oídos y sin tener una oportunidad de defenderse. Si el procedimiento que establece el artículo 6, supra, para obtener la reposesión del automóvil vendido a Norat es como creemos un procedimiento legal justo (*due process of law*) en cuanto a Norat, comprador original, se refiere, también debe serlo en cuanto al comprador subsiguiente y al embargante, quienes adquirieron los intereses o derechos que respectivamente puedan tener, con conocimiento de las constancias del registro público para los contratos de ventas condicionales de vehículos de motor.

*La resolución recurrida debe ser anulada y el caso devuelto a la corte de donde procede para ulteriores procedimientos no incompatibles con los términos de esta opinión.*

El Juez Presidente Señor del Toro no intervino.