The Chase National Bank of the City of New York, demandante y apelado, *v.* Concepción Rosaly Viuda de Colón Figueroa, haciendo negocios bajo el nombre de M. Colón Figueroa, Sucrs., y Concepción Colón Bernazar, demandadas y apelante la última.

Núm. 8018.—*Sometido:* Julio 24, 1939. *Resuelto:* Marzo 12, 1940.

*Erasto Arjona Siaca,* abogado de la apelante; *Ramón A. Gadea Picó,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Ponce, en un procedimiento de reposesión de bienes muebles, vendidos en venta condicional, el apelado solicita se desestime la apelación: primero, porque la sentencia no es apelable; y segundo, porque la apelante no ha elevado la transcripción de evidencia o la exposición del caso.

■ El argumento del apelado es que la sentencia no es apelable porque la ley especial sobre la materia—núm. 61 de abril 13, 1916 (pág. 126), según fué enmendada por las leyes núms. 40 y 88 de 1925 (pág. 247); y por la núm. 52 de 1937 (Leyes de 1936–37, pág. 175)—no autoriza tal cosa, y porque la sentencia que se dicta en tales procedimientos no es una sentencia final.

En *Matheu* v. *Colón*, 49 D.P.R. 376; *Otero & Co., S. en C.,* v. *Mendín*, 41 D.P.R. 929; *National Cash Register Co.* v. *Berdeguez*, 37 D.P.R. 158, y *Commercial Credit Company* v. *Coll*, 37 D.P.R. 107, este Tribunal decidió apelaciones interpuestas de la corte de distrito en procedimientos instruídos de conformidad con esta ley. La cuestión de si procedía o no el recurso de apelación bajo la ley especial no fué suscitada. Tanto las partes como la corte asumieron que la sentencia era apelable.

El artículo 295 del Código de Enjuiciamiento Civil provee:

"Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1.—De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2.—De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares."

Como la decisión en este caso determinó derechos, era una sentencia y apelable bajo el artículo anterior.

En el caso de *Smallwood* v. *Corte de Distrito*, 50 D.P.R. 634, se planteó la cuestión y este tribunal dijo:

". . . . el efecto y propósito fundamental de la Ley de Ventas Condicionales que es el de dar al vendedor condicional garantía y protección contra el posible fraude de un comprador y un remedio legal rápido y adecuado para poder recuperar sumariamente la posesión de la propiedad. . . .

"La Corte de Distrito ha podido y ha debido resolver la controversia . . . dentro del procedimiento especial de reposesión iniciado por el vendedor condicional. . . . "

■ La apelante sostiene que siendo éste un caso en que se dictó sentencia sobre las alegaciones, es innecesario elevar una exposición del caso. Cita *El Pueblo* v. *Borda & Calaf*, 43 D.P.R. 935.

En ese caso este tribunal manifestó:

"La sentencia se dictó sobre las alegaciones. En tal virtud estamos enteramente conformes con la parte apelada en que no era necesaria la preparación de ninguna exposición del caso para tramitar el recurso. . . . "

La moción para desestimar no puede prevalecer.

■ Llegamos entonces a los hechos de la apelación. En septiembre 15, 1936, Pedro A. Pizá vendió un automóvil marca Pontiac a Concepción Rosaly Viuda de Colón Figueroa, que hacía negocios bajo el nombre de M. Colón Figueroa, Sucrs. La compradora convino en pagar la suma de $1,309.50 en la siguiente forma: $375.75 de contado y $933.75 en plazos mensuales.

El contrato de venta condicional fué debidamente inscrito en el Negociado de Automóviles del Departamento del Interior. Contenía la estipulación de que si cualquiera de los plazos adeudados no era satisfecho, el contrato podría ser rescindido por el vendedor y éste podría reposeer el automóvil de acuerdo con la ley. El contrato fué cedido al banco demandante.

El contrato contenía esta estipulación:

"Queda además entendido por ambas partes contratantes lo siguiente:

"Que por cada uno de los plazos arriba estipulados el comprador podrá suscribir un pagaré a la orden del vendedor, si así se conviniere. Que en este caso el vendedor no acepta estos pagarés sino como prueba de las cantidades que se adeudan de acuerdo con este contrato."

Los pagarés en cuestión fueron otorgados y en ellos se estipularon costas y honorarios de abogado.

La compradora no pagó el plazo vencido en enero 15, 1937, ascendente a $103. El demandante, Chase National Bank of New York, radicó un escrito de demanda contra ella en la Corte Municipal de Ponce, bajo el número 151 y obtuvo sentencia por la suma reclamada, más $105.45 para costas y honorarios de abogado o sea por un total de $208.45.

Concepción Colón Bernazar, la aquí demandada apelante, embargó el automóvil en otro pleito contra Concepción Rosaly.

El Chase National Bank radicó una declaración jurada y solicitó la reposesión del vehículo. Las demandadas Rosaly y Colón fueron emplazadas. La demandada apelante compareció y depositó $103 en pago del plazo en descubierto más $20.33 de intereses, pero no depositó cantidad alguna para costas y honorarios de abogado.

Alega que de acuerdo con los términos del contrato no tiene que pagar tales costas ni honorarios.

La corte inferior halló que la sentencia de la corte municipal fué dictada el 17 de septiembre de 1938; que por Ley núm. 69 de 1936 (Leyes de 1936 (1) pág. 353), que enmendó el artículo 327 del Código de Enjuiciamiento Civil, la parte victoriosa en un pleito tiene derecho a recobrar las costas, y que en su consecuencia el deber de pagar costas independientemente de cualquier cláusula del contrato o de los pagarés, surge de la ley.

La corte de distrito también resolvió que la demandada apelante no era un comprador posterior sino un acreedor que embargó. Aplicó la doctrina del caso de *Smallwood* v. *Corte de Distrito,* 50 D.P.R. 634, en el cual este Tribunal Supremo dijo:

"Apareciendo de los autos originales que el contrato que contiene las condiciones y reservas arriba transcritas fué debidamente inscrito en el Registro del Departamento del Interior en marzo 20, 1935, bajo el número 30,314, debemos resolver que cualquiera persona que ale-

gue tener algún derecho sobre el automóvil en cuestión, bien sea como comprador subsiguiente o como tenedor de algún gravamen sobre el automóvil, adquirido con posterioridad a la fecha de inscripción del contrato de venta condicional, ocupa la misma posición legal que ocupaba el comprador condicional original bajo las condiciones y reservas del contrato de venta condicional, las cuales son obligatorias para cualquier poseedor subsiguiente. En otras palabras, asumiendo que el comprador condicional tenga derecho a vender la propiedad mueble o semoviente, antes de haber pagado el importe total de los plazos estipulados, no obstante la prohibición expresa del contrato, debemos sostener que el comprador subsiguiente o el que adquiera un gravamen sobre o embargue la propiedad mueble o semoviente, adquiere solamente los mismos derechos que tuviere el comprador original sujetos al derecho del vendedor a resolver la venta y a recobrar la posesión del objeto vendido, en caso de incumplimiento de las condiciones bajo las cuales se hizo la venta.''

La corte resolvió que el depósito era insuficiente y dictó sentencia ordenando la reposesión del automóvil al demandante apelado.

La demandada Colón Bernazar apeló.

Señala cinco errores, mas la cuestión que ella plantea es la siguiente:

Los pagarés otorgados de acuerdo con el contrato no forman parte de éste; la demandada apelante queda obligada por los términos del contrato, pero no por los pagarés; estos últimos especifican el pago de costas y honorarios de abogado en caso de reclamación judicial, mas no así el contrato; en su consecuencia la demandada apelante no tiene que pagar costas y el depósito era suficiente.

El demandante apelado sostiene que la corte inferior estuvo en lo cierto. Alega que la demandada apelante embargó los derechos que la otra demandada Rosaly tenía. En el estado en que se hallaban los procedimientos, la demandada Rosaly tenía derecho a paralizar el auto de reposesión si depositaba las sumas adeudadas, incluyendo las costas. La demandada Colón Bernazar tenía exactamente los mismos derechos. El apelado también sostiene que el contrato

especifica que el vendedor condicional puede demandar y que si se otorgaban pagarés éstos podían cobrarse judicialmente; y que como las costas se conceden por ministerio de ley a la parte victoriosa, era entendido que tales costas tenían que ser pagadas por la compradora ya que éstas eran consecuencia de la sentencia, de acuerdo con la buena fe, el uso y la ley; y que el artículo 1210 del Código Civil, ed. de 1930, dispone:

"Los contratos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza, sean conformes a la buena fe, al uso y a la ley."

*Por tanto, la sentencia debe ser confirmada.*
El Juez Asociado Sr. Travieso no intervino.