CARIBE MOTORS CORPORATION, demandante y recurrente, *v.* ANTONIO PETRILLI, demandado; FRANCISCO GARCÍA, JR., y CARMEN AYALA OQUENDO, interventores-recurridos.

*Número:* 180    *Resuelto:* 3 de diciembre de 1962

*Córdova & González* y *Robert E. Schneider, Jr.*, abogados de la recurrente; *J. Mejías Santana* y *G. Lacot Salgado,* abogados de los interventores recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Antonio Petrilli, quien se dedicaba a la compraventa de vehículos de motor, compró a la Caribe Motors Corporation dos automóviles bajo contrato de venta condicional. Se celebraron dos transacciones separadas. Convino en pagar lo adeudado en lo que al primer vehículo respecta en un plazo de noventa días y en cuanto al otro vehículo en sesenta días. La primera transacción consistió en la venta de un automóvil Buick, 1957. El contrato de venta condicional fue suscrito el 3 de julio de 1958 y archivado en la División de Vehículos de Motor del Departamento de Obras Públicas el 31 de julio siguiente. El contrato fue inscrito en el Registro de Ventas Condicionales del mencionado departamento el 25 de agosto de 1958 con el número 57,725. El mismo día 3 de julio fecha en que se firmó el contrato de venta condicional entre la Caribe y Petrilli, éste vendió el Buick a Carmen Ayala Oquendo. La segunda transacción entre Caribe y Petrilli consistió en la venta de un automóvil Oldsmobile. En esta transacción el contrato de venta condicional fue suscrito el 21 de julio de 1958, pero según la declaración del Jefe de la División de Vehículos de Motor no hay constancia de la fecha en que fue archivado en el Departamento de Obras Públicas. Fue inscrito bajo el número 59,175 con fecha 15 de septiembre de 1958. Petrilli vendió a Francisco García, Jr. el automóvil Oldsmobile el 3 de septiembre de 1958. En las transacciones celebradas por Petrilli con Carmen Ayala Oquendo y Francisco García, los compradores entregaron vehículos usados y pagaron el remanente en dinero que levantaron obteniendo préstamos del Banco Crédito y Ahorro Ponceño, pero Petrilli no pagó a la Caribe al vencerse los plazos convenidos lo que él adeudaba sobre los referidos vehículos. Caribe inició entonces procedimientos para reposeer los vehículos. Ambos pro-

cedimientos fueron consolidados. Los compradores intervinieron en el proceso de reposesión incoado por la Caribe. Alegaron que eran compradores de buena fe. Consideremos su contención.

Dispone el artículo 59 del Código de Comercio,—10 L.P.R.A. sec. 1154—que "[l]a compra de mercaderías en almacenes o tiendas abiertos al público, causará prescripción de derecho a favor del comprador respecto de las mercaderías adquiridas, quedando a salvo en su caso, los derechos del propietario de los objetos vendidos para ejercitar las acciones civiles o criminales que puedan corresponderle contra el que los vendiere indebidamente". Ver Comentarios al artículo correspondiente del Código de Comercio Español en Gay de Montella, *Código de Comercio Español Comentado*, Tomo I, pág. 85 (Barcelona 1936) ; Cfr. *Fuentes* v. *Fulano de Tal*, 84 D.P.R. 506 (1962). La disposición transcrita fue afectada por lo estatuido en la Ley de Ventas Condicionales, Ley Núm. 61 de 13 de abril de 1916, según enmendada,—10 L.P.R.A. sec. 31 *et seq.* en su artículo 3 que preceptúa que el comprador subsiguiente de bienes semovientes y muebles afectos a un contrato de venta condicional los adquiere libre de las condiciones convenidas entre el vendedor original y el primer comprador a menos que dicho contrato haya sido inscrito.(¹) ■

Ahora, ¿qué requiere la ley para que el contrato de venta condicional afecte a futuros adquirentes? Como hemos dicho requiere que el contrato se archive. En cuanto a vehículos de motor dispone que tal archivo se efectuará en el Departamento de Obras Públicas. Establece así la ley en su art. 4:

"Dichos contratos deberán ser archivados en el municipio en donde resida el comprador condicional, no más tarde de treinta (30) días después de su otorgamiento, y si no fuere

---

¹ En la versión en inglés se usa el vocablo "filed", y ya hemos sostenido que la versión inglesa es la que impera. *National Cash Register Co.* v. *Berdéguez*, 37 D.P.R. 158 (1927). Además en el artículo 4 se usa en español el vocablo archivar.

inscrito dentro de los treinta (30) días no surtirá efecto contra terceros. El secretario de cada municipio deberá llevar un registro denominado 'Registro de Venta Condicional' en el cual deberán inscribirse los contratos de ventas condicionales que se le presentaren con dicho fin, pero no inscribirán ningún contrato que se presentare fuera del término anteriormente prescrito. Cuando se presente un contrato de venta condicional al secretario del municipio, éste deberá inmediatamente hacer un asiento en dicho registro, haciendo constar el nombre del vendedor condicional, el nombre del comprador condicional, y los de cualesquiera otras partes a dicho contrato, una breve descripción de los bienes semovientes y muebles traspasados por dicho contrato de venta condicional, del evento o contingencia que se requiera debe ocurrir antes de que la propiedad de dichos semovientes y muebles pase del vendedor al comprador, la cantidad adeudada por virtud de dicho contrato y la fecha de su vencimiento, el día, la hora y minutos de la presentación, y una referencia en cuanto a los archivos en donde dicho contrato o una copia del mismo según se prescribe anteriormente pueda encontrarse prontamente. Deberá llevarse un índice por separado en el cual deberán anotarse inmediatamente, en orden alfabético, los nombres de los vendedores condicionales, en una columna marcada 'vendedor condicional' y el nombre del comprador condicional, en una columna marcada 'comprador condicional' y en el mismo deberá hacerse referencia en cuanto al sitio del registro de venta condicional en donde pueda encontrarse dicha inscripción; Disponiéndose, sin embargo, que cuando el objeto de la venta condicional fuese un vehículo de motor, con excepción hecha de máquina de tracción, el contrato deberá ser archivado en el Departamento de Obras Públicas en la misma forma dentro del mismo plazo y con los mismos efectos que anteriormente se dispone. El Secretario de Obras Públicas deberá llevar un registro denominado 'Registro de Venta Condicional' en el cual deberán inscribirse los contratos de ventas condicionales que se le presentaren con dicho fin. Cuando se presente un contrato de venta condicional al Secretario de Obras Públicas éste deberá inmediatamente hacer un asiento en dicho registro, haciendo constar el nombre del vendedor condicional, del comprador condicional, y los de cualesquiera otras partes a dicho contrato, marca del vehículo, fabricante del vehículo, número del motor, caballos de fuerza del

motor, hora de la presentación del contrato, día y año de la fecha del contrato, del evento o contingencia que se requiera deba ocurrir antes de que la propiedad de dichos vehículos pase del vendedor al comprador, la cantidad adeudada por virtud de dicho contrato, y la fecha de su vencimiento, y una referencia en cuanto a los archivos en donde dicho contrato o una copia del mismo según se prescribe anteriormente pueda encontrarse prontamente. Deberá llevarse un índice por separado en el cual deberán anotarse inmediatamente, en orden alfabético los nombres de los vendedores condicionales, en una columna marcada 'vendedor condicional' y el nombre del comprador condicional, en una columna marcada 'comprador condicional' y en el mismo deberá hacerse referencia en cuanto al sitio del registro de venta condicional en donde pueda encontrarse dicha inscripción; Disponiéndose, que el Secretario de Obras Públicas no podrá hacer ningún traspaso de la licencia expedida para un vehículo vendido bajo contrato condicional hasta no haber recibido un certificado auténtico expedido por el vendedor relativo a que el comprador cumplió con todos los requisitos del contrato de venta condicional; Disponiéndose, además, que en los casos de inscripción de venta condicional de vehículos de motor por el Departamento de Obras Públicas, los derechos que se devenguen de acuerdo con la sec. 39 de este título, serán pagados en sellos de rentas internas al Secretario de Obras Públicas.

"Los contratos de venta condicional inscritos en el Registro de Venta Condicional del Departamento de Obras Públicas quedarán cancelados transcurridos tres (3) años a partir del vencimiento del contrato siempre que el vendedor condicional no solicitare una prórroga al ser notificado para ello por el Secretario de Obras Públicas." █

La disposición transcrita contempla que el Secretario de Obras Públicas mantenga un registro donde inmediatamente se anote el contrato de venta condicional archivado con expresión del día, hora y minutos de la presentación. Deberá además llevar un índice en el cual se anotarán, en orden alfabético, los nombres de los vendedores condicionales y el nombre del comprador condicional y se hará referencia en cuanto al sitio del registro de venta condicional donde pueda encontrarse la correspondiente inscripción. Evidentemente el le-

gislador ha contemplado la simultaneidad entre la presentación y la inscripción. No la simultaneidad absoluta, puesto que ésta no es posible, sino más bien la que se da en el Registro de la Propiedad al presentarse el documento y extenderse el asiento de presentación. El vendedor condicional tiene hasta 30 días desde la fecha en que se otorga el contrato de venta condicional para presentarlo al Departamento de Obras Públicas. Como hemos expresado inmediatamente que es presentado el contrato en el Departamento se anota en el Registro con expresión de la fecha, hora y minutos en que fue archivado. Si el contrato es archivado dentro de los treinta días de su otorgamiento, toda persona que adquiera el vehículo lo adquiere sujeto a las condiciones establecidas en el contrato.

Procede ahora considerar las circunstancias que presentan cada uno de los casos de reposesión iniciados por la recurrente. ▆

### Caso del automóvil Buick

En este caso el contrato de venta condicional fue otorgado por la Caribe y Petrilli el 3 de julio de 1958. Fue presentado en Obras Públicas el 31 de julio siguiente, o sea dentro del término de 30 días concedidos por la ley. Ese archivo dentro de los 30 días del otorgamiento del contrato es suficiente para que todo comprador subsiguiente adquiera el vehículo sujeto a las condiciones convenidas en el contrato de venta condicional. Aparentemente a la fecha en que el contrato objeto de este pleito fue archivado en el Departamento de Obras Públicas no se estaba cumpliendo con la disposición legal antes transcrita que requiere que se anote la presentación inmediatamente con expresión de la fecha, hora y minutos en que fue archivado.[2] Pero ciertamente el hecho de que los funcio-

---

[2] El Jefe de la División de Vehículos de Motor del Departamento de Obras Públicas declaró durante la vista que para entonces ya se había organizado el procedimiento para efectuar la constancia del archivo inmediatamente.

narios encargados de instrumentar la ley no cumplieran con su deber, no debe perjudicar al vendedor condicional que ha cumplido presentando para su archivo el contrato de venta condicional. Se ha sostenido que es suficiente la presentación del contrato para su archivo tal como lo dispone la ley, sin que resulte perjudicado por los errores u omisiones del funcionario encargado de inscribirlo. Se parte de la premisa de que el funcionario no es su agente por cuya negligencia debe responder, sino alguien designado por el Estado para cumplir esas funciones. En el caso de *In re Laab*, 42 Fed. Supp. 542 (D.C.W.D.N.Y. 1941) se dijo siguiendo a las autoridades sobre esta materia: ■

"No hay duda de que, excluyendo cualquier requisito de registro o índice, el vendedor cumplió su obligación archivando el contrato, y la responsabilidad por los errores no pesa sobre él. 'No compete a uno que presenta para su inscripción un documento que la ley requiere sea inscrito velar porque el funcionario a cargo del registro cumpla con su deber. El que presenta el documento ha cumplido con todo lo que se le requiere cuando lo entrega libre de defectos que lo invaliden. Desde ese momento la responsabilidad por errores pesa sobre el funcionario'. Jones on Chattel Mortgages and Conditional Sales, Volume 3, Section 1066. Véase además: Eager on Chattel Mortgages and Conditional Sales, Section 562, page 733; Esterich on Installment Sales, Section 164, page 329; *Dodds* v. *O'Brien*, Sup., 166 N.Y.S. 1065; *Schmidtman* v. *Atlantic Phosphate & Oil Corp.*, 2 Cir., 230 F. 769; *In re Avlon Syrop Corp.*, D.C., 25 F.2d 342; *Baker* v. *Hull*, 250 N.Y. 484, 166 N.E. 175. Un contrato queda archivado 'cuando es entregado al funcionario apropiado y recibido por éste para ser guardado en el archivo'. *Presidents and Directors of Manhattan Co.* v. *Leimbeer*, 108 N.Y. 578, 15 N.E. 712, 713; *In re Yakel*, 118 Misc. 641, 195 N.Y.S. 355."

Véanse sobre el mismo punto: *Foshee* v. *Snavely*, 58 F.2d 774 (C.C.A. Va. 1932), cert. denied 53 S.Ct. 85, 287 U.S. 635, 77 L. Ed. 550 (1932); *Village of Crotty* v. *Domm et al*, 170 N.E. 308 (Ill. 1930); *Schomer* v. *R. L. Craig Co.*, 31 P.2d 396 (Cal. 1934); *Enslen* v. *Thornton*, 62 So. 525 (Ala. 1913); *Benson*

v. *Wood Motor Parts Corp.*, 174 S.E. 895 (W.Va. 1934) ; *Northern Pacific Railway Co.* v. *Advance Realty Co.*, 78 N.W.2d 705 (N.D. 1956) ; *State of Texas ex rel City of Fort Worth* v. *Town of Lakeside*, 328 S.W.2d 245 (Texas 1945) ; *Security Discount Associates Inc.* v. *Lynmar Homes Corp. et al.*, 187 N.Y.S.2d 677 (1959) ; *O'Neill* v. *Lola Realty Corp. et al.*, 34 N.Y.S.2nd 449 (1942), y los casos citados en 45 American Jurisprudence, 486 sec. 116, 78 C.J.S. sec. 584 y 70 A.L.R. 591.

Habiendo sido archivado el contrato dentro del término concedido por la ley para hacerlo, la compradora del Buick lo adquirió sujeto a las condiciones convenidas por Petrilli con la Caribe Motors.

### Caso del automóvil Oldsmobile

El caso del Oldsmobile es distinto. En éste no hay constancia de la fecha en que el contrato de venta condicional fue archivado en el Departamento de Obras Públicas. La única constancia es la de la fecha en que efectivamente fue inscrito, 15 de septiembre de 1958. Y ya hemos apuntado que Petrilli vendió este automóvil a García el 3 de septiembre anterior.

La disposición que concede a los vendedores condicionales un término de treinta días para archivar los contratos tiene el propósito de protegerlos dándole un término razonable para archivarlos. Cualquier comprador subsiguiente que adquiera un bien semoviente o mueble dentro del referido término que la ley concede para archivar el contrato de venta condicional lo hace sujeto a las condiciones establecidas en el mismo para el primer comprador. *Casterline* v. *General Motors Acceptance Corp.*, 171 A.2d 813 (Penna. 1961) ; *Strickland* v. *Motors Acceptance, Incorporated*, 126 So. 2d 156 (Fla. 1960), siempre y cuando el contrato se archive dentro de los treinta días que para ello concede el estatuto. *Chase National Bank* v. *Colón*, 56 D.P.R. 297 (1940) ; *Smallwood* v. *Corte*, 50

D.P.R. 634 (1936). Si no lo inscribe, el contrato surtirá su efecto entre los contratantes originales, pero cualquier adquirente posterior obtendrá la cosa objeto del contrato libre de condiciones. Ahora, si el vendedor condicional archiva el contrato con posterioridad al lapso de treinta días, las condiciones establecidas obligarán a todo adquirente posterior a la fecha de archivo. *England Motor Co.* v. *Murdock Acceptance Corp.*, 140 So.2d 289 (Miss. 1962).

El caso de *Pioneer Finance Company* v. *Dart National Bank*, 113 N.W.2d 775 (Mich. 1962) presenta una situación de hechos parecida a la que aquí estamos considerando. Igual que en este caso el contrato no fue presentado dentro del término concedido por la ley y el comprador condicional vendió la cosa objeto del contrato a una tercera persona. Se reconoció por el Tribunal Supremo de Míchigan que esta última la había adquirido libre de las condiciones impuestas por el vendedor condicional al comprador original.

Así, claramente en el caso del Oldsmobile, García lo adquirió libre de las condiciones impuestas por Caribe a Petrilli ya que García adquirió el automóvil Oldsmobile antes de que el contrato fuera inscrito y no hay constancia de que éste fuera archivado dentro de los treinta días que concede la ley.

Como el tribunal de instancia determinó que los compradores posteriores de los dos vehículos los adquirieron sin sujeción a los términos del contrato de venta condicional, procede revocar la sentencia recurrida en cuanto al caso del automóxil Buick que comprara Carmen Ayala Oquendo y confirmarla en cuanto al caso del automóvil Oldsmobile que comprara Francisco García, Jr. *Así modificada la sentencia recurrida se confirmará.*