CARIBE MOTORS CORPORATION, demandante y recurrida, *v.* JAIME LAURIDO y DAVID PELLOT, demandados y recurrente el segundo.

*Número:* CE-64-34      *Resuelto:* 2 de febrero de 1966

*Héctor Reichard* y *Héctor Reichard, Jr.,* abogados del peticionario; *Luis A. Noriega,* abogado del demandado David Pellot.

Sala Segunda integrada por su Presidente el Juez Asociado Señor Belaval y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

SENTENCIA

San Juan, Puerto Rico, 2 de febrero de 1966

La demandante recurrida vendió un vehículo de motor a Jaime Laurido en 20 de febrero de 1961, bajo contrato de venta condicional. En igual fecha, 20 de febrero, Laurido registró el automóvil como su único y exclusivo dueño en la División de Vehículos de Motor del Departamento de Obras Públicas, sin que apareciera en su registro o licencia mención alguna del referido contrato de venta condicional. Como tal aparente único dueño, en 3 de marzo de 1961 Laurido vendió el vehículo a David Pellot Muñiz. El contrato de venta condicional se inscribió en 20 de marzo de 1961 en el Departamento de Obras Públicas.

No habiendo satisfecho Laurido el importe de los plazos, la demandante Caribe Motors interpuso demanda ordinaria contra él y David Pellot. De Laurido requirió el pago de $2,310.40 valor del vehículo y contra Pellot pidió su reposesión. Laurido nunca fue emplazado.

La Sala de Ponce del Tribunal de Distrito declaró sin lugar la reposesión. La Sala de Ponce del Tribunal Superior revocó, sosteniendo que la demandante había inscrito su contrato dentro del término de 30 días que fija el estatuto aplicable, y tenía la protección que da dicho estatuto para reposeerlo de un tercero.

Hemos examinado detenidamente todas las cuestiones planteadas y discutidas por las partes y concluimos que

el fallo del Tribunal Superior es conforme a derecho. Efectivamente, el contrato de venta condicional fue inscrito dentro del término de 30 días. Aun cuando Pellot adquiriera de una persona que según su registro y licencia era el único dueño sin limitación alguna del vehículo, persona ésta que a la vez se dedicaba al negocio de la venta de automóviles y mantenía un establecimiento a tal fin, él no puede derrotar, como un tercero, el derecho de la demandante que inscribió su contrato en tiempo. Este caso se rige necesariamente por nuestra decisión de *Caribe Motors* v. *Petrilli*, 86 D.P.R. 682 (1962), y nada adicional a lo ahí dicho tenemos que agregar ahora. Pudiera ser que Laurido actuara dolosa o fraudulentamente en perjuicio de Pellot al no informarle la existencia de la venta condicional, o al hacerle creer que él era el único dueño del vehículo sin limitación alguna, sobre todo cuando lo vendió en un establecimiento, pero la ley concede al vendedor condicional un período completo de 30 días para inscribir el contrato y el hecho de que un vehículo se traspase dentro de ese período de 30 días no le priva de sus derechos. Un comprador que desea protegerse debe estar alerta al hecho de si su vendedor ha adquirido el vehículo a la vez dentro de ese período de 30 días, y si ha sido así, si lo fue en venta condicional.

■ Convenimos igualmente con la Sala sentenciadora que la demandante no estaba impedida de hacer valer sus derechos bajo el contrato de venta condicional inscrito, porque interpusiera una acción ordinaria. En cuanto a Pellot, ella solicitó la reposesión del vehículo y no el pago de la deuda. Y la sentencia de la Sala de instancia se limitó a ordenar dicha reposesión en los mismos términos y con aquellas garantías para Pellot que exige la ley como si se hubiera acudido al procedimiento sumario de reposesión.

Se confirma la sentencia que dictó la Sala de Ponce del Tribunal Superior en 9 de octubre de 1964.

Así lo pronunció y manda el Tribunal y firma el Sr. Juez Presidente.

(Fdo.)  LUIS NEGRÓN FERNÁNDEZ
*Juez Presidente*

Certifico:

(Fdo.)  Joaquín Berríos
*Secretario Interino*