SPENCER *v.* STAINES.

1. SALES—CONDITIONAL SALES CONTRACT—FILING—STATUTES.

   The statute requiring the filing of a conditional sales contract in order for the reservation of title to be effective, except as between the vendor and vendee, was intended for the protection of creditors extending credit during the period the instrument was not on file and subsequent mortgagees and purchasers in good faith (2 Comp. Laws 1929, § 9550).

2. BANKRUPTCY—TRUSTEE'S ACTION TO RECOVER PROPERTY SURRENDERED TO VENDOR UNDER UNFILED CONDITIONAL SALES CONTRACT.

   Trustee in bankruptcy may maintain suit to recover a stock of merchandise sold to bankrupt under an unfiled conditional sales contract and surrendered by him to vendor a few days before voluntary petition in bankruptcy was filed by vendee, where vendor had sold property to another (2 Comp. Laws 1929, § 9550).

3. SAME—RETURN OF PROPERTY—MODIFICATION OF DECREE.

   In suit by trustee in bankruptcy to recover a stock of merchandise which had once been sold under an unfiled conditional sales contract to bankrupt and surrendered by him to the vendor a few days before he filed voluntary petition in bankruptcy, order requiring vendor to pay plaintiff value of merchandise as found by trial court is modified to permit return of the property within 30 days where defendant had offered to return it although he had since resold it to another defendant. ·

4. COSTS—MODIFICATION OF DECREE.

   Upon conditional modification of decree, costs are awarded appellant if he avails himself of the modification as to the relief but are awarded appellee if decree is to stand affirmed.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 2, 1940. (Docket No. 34, Calendar No. 40,885.) Decided March 15, 1940.

Bill by John T. Spencer, trustee in bankruptcy of Leo P. Meagher, against Glenn S. Staines and another to have a conveyance of personal property declared void, to have property turned over to plaintiff, for an injunction and other relief. Decree for plaintiff. Defendant Staines appeals. Modified and affirmed.

*Alan J. Stone* and *Samuel H. Rubin,* for plaintiff.

*Benjamin B. Gordon,* for defendant.

CHANDLER, J. On September 26, 1934, defendant Staines sold, by conditional sales contract, a stock of merchandise for resale to one Leo P. Meagher, who took possession thereof on the same day. The contract was never recorded as required by 2 Comp. Laws 1929, § 9550 (Stat. Ann. § 19.381), which provides:

"Whenever any personal property is sold and delivered to any person, firm or corporation regularly engaged or about to engage in the business of buying and selling such personal property, with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, with the agreement express or implied, that the same may be resold, every such conditional sale in order for the reservation of title to be valid except as between the vendor and vendee shall be evidenced in writing and the written contract of every such conditional sale or a true copy thereof shall be filed and discharged in the same manner as chattel mortgages are required to be filed and discharged."

The vendee defaulted in the terms and conditions of the agreement, and on December 28, 1937, voluntarily surrendered to the vendor that portion of the

stock covered by the conditional sales contract which had not been sold by him. On January 7, 1938, Staines resold the stock to defendant Jacobson. Subsequent to December 28, 1937, and prior to the sale to Jacobson, Meagher filed a voluntary petition in bankruptcy and was adjudicated a bankrupt thereon.

The bill of complaint herein was filed by the trustee in bankruptcy, seeking a return of the merchandise or the value thereof. The trial court entered a decree ordering defendant Staines to pay forthwith to plaintiff the sum of $600 and costs, said sum being the value of the merchandise as found by him.

The statute requiring filing of the conditional sales contract in order for the reservation of title to be effective, except as between the vendor and vendee, was obviously intended for the protection of creditors extending credit during the period the instrument was not on file and subsequent mortgagees and purchasers in good faith.

We believe the rights of the trustee on the facts were determined by *Union Guardian Trust Co.* v. *Detroit Creamery Co.*, 265 Mich. 636. The cited case involved a chattel mortgage executed in disregard of the provisions of 3 Comp. Laws 1929, § 9548, as amended (Stat. Ann. § 19.371), requiring the mortgagor to furnish a complete list of creditors. The principle involved is indistinguishable from that in volved herein and the case is conclusive of the ques tions raised as to the right of the trustee in bank ruptcy to maintain this suit to recover the property repossessed by the conditional vendor.

The matter was referred to a commissioner for the taking of proofs. During the hearing, an offer was made to return the property to the trustee. The commissioner found that it had no commercial value and recommended that a decree be entered ordering

the property turned over to the trustee, but that no money decree be entered.

The decree of the trial court fixed the value of the property at $600, the finding being based solely on a recital in the contract whereby the goods were resold to defendant Jacobson after being repossessed by Staines. The decree should be modified, permitting a return of the merchandise as recommended by the commissioner, with the further provision that if return is not made within 30 days from the date of the filing of this opinion, the decree of the trial court shall stand affirmed, with costs to appellee. If the goods are returned within the time limited, appellant shall recover costs.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.