PIKE COUNTY, et al. *v.* FRAZIER.

Division B. Nov. 12, 1951.

No. 38063 (54 So. (2d) 745)

Jas. A. Wiltshire, for appellants.

Cassidy, McLain & Alford, for appellee.

**Holmes, C.**

Appellee filed a replevin suit in the County Court of Pike County against Hugh Simmons to recover the possession of a Chevrolet truck. The writ of replevin was duly issued and the officer's return thereon shows that it was personally executed by taking possession of the truck, found in the barn of the Fifth Supervisor's District, and by summoning the defendant, Hugh Simmons, and delivering to him a true copy of the writ, and by delivering the truck to Hugh Simmons as Supervisor of the Fifth District of Pike County upon the filing of a claimant's affidavit and bond. The claimant's affidavit was filed in the name of Pike County as the asserted owner of the truck

Appellee filed his declaration in replevin, basing his asserted right of possession on a conditional sale contract which was exhibited to his declaration, whereby he sold the truck to one Denman Estes on deferred payment terms, retaining title to the truck until paid for.

Appellant, Pike County, asserted the ownership of the truck by subsequent purchase from Denman Estes without notice of appellee's claim.

The case was tried on an agreed statement of facts submitted by appellee as the plaintiff in the replevin suit, and by Hugh Simmons as the defendant in said suit, and by Pike County as the claimant of the truck.

It was admitted by the agreed statement of facts that appellee, trading as Frazier's Auto Supply, sold the truck to Estes under the conditional sale contract, retaining title thereto until the same was paid for, and that said contract was in default and that the amount due thereunder was less than the value of the truck. It was further admitted that Pike County purchased the truck from Estes without notice of appellee's claim and that the same was turned over to Hugh Simmons as Supervisor of the Fifth Supervisor's District to be used in the maintenance of the county roads and that while not being so used, it was stored in the barn maintained for storage of the Fifth Supervisor's District equipment, located on the property of Hugh Simmons, and was there found when seized by the officer under the writ of replevin.

The agreed statement of facts further set forth the following: "It is further agreed that all issues will be decided by the court simultaneously and all formalities are dispensed with. This cause is submitted to the court on the issue as to whether or not Frazier Auto Supply is entitled to the possession of said truck and which of the parties hereto has the right to the possession of said truck."

The County Court rendered judgment in favor of the plaintiff, who is the appellee here, adjudging the plaintiff to be entitled to the immediate possession of the truck, and ordering the defendant, Hugh Simmons, to restore the same to the plaintiff or pay him the amount of his interest therein, which was shown to be less than the value of the truck.

The claimant, Pike County, and Hugh Simmons in his capacity as Supervisor of the Fifth District of Pike

County were granted an appeal without bond to the Circuit Court of Pike County.

From a judgment of the circuit court affirming the judgment of the county court, the claimant, Pike County, and Hugh Simmons in his capacity as Supervisor of the Fifth District, were granted an appeal without bond to the Supreme Court.

No appeal from either judgment was prosecuted by Hugh Simmons individually.

It is the contention of appellants on this appeal that the county could not be sued for the recovery of the truck and that the truck was not subject to seizure under the writ of replevin because it was the public property of the county and was being used in the orderly administration of governmental functions.

The irregularities which the record discloses in the proceedings are brushed aside by the agreed statement of fact whereby the plaintiff, the defendant, and the claimant in the replevin action, agreed that all formalities be dispensed with, and that the cause be submitted to the court on the issue as to who was entitled to the possession of the truck. On this issue, the admitted determinative fact is that appellee had sold the truck to Estes under an actual and bona fide conditional sale contract whereby title was retained in appellee until the purchase price was paid, and that the buyer was in default in the payment of the purchase price. It is the settled law of this State that such a contract is enforceable against an innocent purchaser for value without notice and that the doctrine of caveat emptor applies. Burkhalter v. Mitchell & McLendon, 107 Miss. 92, 64 So. 967; Harrison v. Broadway Motor Company, 128 Miss. 766, 91 So. 453, 25 A. L. R. 1148. It is manifest, therefore, that Pike County acquired no title to the truck by its purchase from Estes because Estes had no title to convey, the title being then vested in the appellee.

 The principles contended for by appellants and the cases cited in support thereof are not applicable to

the facts of this case. Pike County was not sued. The replevin suit was against Simmons individually. The county appeared voluntarily as a claimant in the action and thereby became a plaintiff and not a defendant. Section 2867 of the Mississippi Code of 1942. The truck was not exempt from seizure as public property of the county because it was not the property of the county. The title to the truck remained in appellee.

We are accordingly of the opinion that there is no error in the judgment of the court below and it is therefore affirmed. It is assumed that if and when the possession of the truck is restored to the appellee, he will deal with it as security and with reference to the equitable rights of the purchaser.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.