PIONEER FINANCE COMPANY *v.* DART NATIONAL BANK.

1. REPLEVIN—PLAINTIFF'S RIGHT TO POSSESSION.
    Plaintiff in replevin action may recover judgment only upon the strength of its own right to possession and not upon the weakness of the defendant's right thereto (CL 1948, §§ 627.3, 627.5, 627.23).

2. EVIDENCE—JUDICIAL NOTICE—FINANCING OPERATIONS.
    Judicial notice is taken of the common practices of finance companies and banks in acquiring notes, conditional sales contracts, chattel mortgages, and the like to secure their advances in that the relationship between the seller and financier is, by the use of guaranties and of indorsements with recourse, that of debtor and creditor.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur, Replevin § 23.
[2] 20 Am Jur, Evidence § 118.
    Judicial notice of banking customs as to loans, documents, and investments. 89 ALR 1348.
[3] 47 Am Jur, Sales § 916.
[4] 46 Am Jur, Replevin § 60.

3. Records and Recording—Conditional Sales Contract—Filing in Office of Register of Deeds—Purpose of Statute.

Statute requiring that conditional sales contract of mobile home be filed in the office of register of deeds in order for reservation of title to be effective, except as between the vendor and vendee, was intended for the protection of creditors extending credit during period the instrument was not on file and for the protection of subsequent mortgagees and purchasers in good faith (CL 1948, § 442.101; CLS 1956, § 566.140, as amended).

4. Replevin—Mobile Home—Unfiled Conditional Sales Contract —Banks.

Plaintiff finance company, as assignee of unfiled conditional sales contract of mobile home from manufacturer to dealer, was not entitled to recover possession in action of replevin from defendant bank which, in reliance upon dealer's apparently clear title, had financed sale to retail customer and had recovered possession upon latter's default (CL 1948, § 442.101; CLS 1956, § 566.140, as amended).

Appeal from Ingham; Hughes (Sam Street), J. Submitted October 6, 1961. (Docket No. 31, Calendar No. 49,086.) Decided March 15, 1962.

Replevin by Pioneer Finance Company, a Michigan corporation, against Dart National Bank, a banking corporation, of mobile home trailer financed to dealer on conditional sales contract. Judgment for plaintiff for value of trailer. Defendant appeals. Reversed and remanded for judgment for defendant.

*Glassen, Parr, Rhead & McLean* (*Roland F. Rhead,* of counsel), for plaintiff.

*Sinas, Dramis, Brake & Werbelow* (*Lee C. Dramis,* of counsel), for defendant.

Souris, J. Plaintiff recovered judgment in an action for replevin for $3,775.50, the stipulated value of the mobile home sought to be replevied, after trial to the court. Defendant appeals.

Both parties engage in the business of financing the purchase and sale of mobile homes. In the case at bar, plaintiff Pioneer financed the purchase from the manufacturer of the mobile home here involved by Bristow Mobile Homes, a dealer, and defendant Dart bank[1] financed the subsequent resale of the mobile home by Bristow to Mr. and Mrs. Spinnell. To secure its advances plaintiff took from the manufacturer by indorsement the dealer's promissory note and an assignment of the conditional sales contract between the manufacturer and the dealer. Similarly, to secure its advances, defendant took from the dealer by indorsement the purchasers' promissory note and an assignment of the conditional sales contract between the dealer and the purchasers.

Had Bristow, the dealer, fulfilled the requirements of his conditional sales contract with the manufacturer by using the proceeds of the retail sale financed by defendant to pay off the balance due on his note held by plaintiff, this suit never would have arisen. By the same token, however, had plaintiff caused to have been filed the conditional sales contract it holds by assignment as is provided by PA 1915, No 64 (CL 1948, § 442.101 [Stat Ann 1959 Rev § 19.-381]),[2] it is reasonable to conclude that defendant

---

[1] Dart bank's interest was assigned to Dart Brothers Company and the pleadings were subsequently amended to join the latter as a party defendant. For convenience, however, we shall refer to defendants only as Dart.

[2] PA 1915, No 64, provides:

"Whenever any personal property is sold and delivered to any person, firm or corporation regularly engaged or about to engage in the business of buying and selling such personal property, with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, with the agreement express or implied, that the same may be resold, every such conditional sale in order for the reservation of title to be valid except as between the vendor and vendee shall be evidenced in writing and the written contract of every such conditional sale or a true copy thereof shall be filed and discharged in the same manner as chattel mortgages are required to be filed and discharged."

would not have financed the retail sale without requiring that plaintiff's claim first be discharged,[3] in which event this suit would not have arisen. What we have here, then, is a combination of the dealer's breach of contract or worse and plaintiff's failure to protect itself therefrom by compliance with statutory provisions. When default in payment of the promissory note held by defendant occurred, defendant seized possession of the mobile home and plaintiff thereupon instituted this action in replevin upon which judgment was entered by the trial court in its favor.

For reasons which will later appear, this judgment must be reversed. Pioneer relies upon the reservation of title provisions found in the contract of conditional sale which it holds to establish its right to possession, its theory being that Dart acquired no title and no right to possession of the mobile home as a result of its acquisition of the Spinnell note and contract because the Spinnell purchase was never legally consummated. Dart, on the other hand, claims that the reservation of title relied upon by Pioneer is invalid except as against Bristow because the conditional sales contract was not filed as required by PA 1915, No 64. The trial court's decision was based upon a finding that the sale between Bristow and the Spinnells was not completed because Bristow did not deliver a certificate of title to the Spinnells (*cf. Dart National Bank* v. *Mid-States Corp.,* 356 Mich 574, 584, 585) and because the Spinnells' agreement to purchase was orally conditioned upon the making of certain alterations upon the interior of the mobile home which never were made. He concluded that notwithstanding the execution

---

[3] It is reasonable to so conclude because defendant checked with the county register of deeds before it financed the Spinnell transaction and learned that nothing had been filed against the mobile home involved.

and delivery of the Spinnell promissory note and conditional sales contract, and their subsequent negotiation and assignment, respectively, to Dart, Dart acquired no rights thereunder superior to Pioneer because the note and contract held by Dart "were of no force and effect as between the Spinnels and Bristow."

In the view we take of this case, the validity of the Bristow-Spinnell instruments does not determine the relationship between Bristow and Dart nor does it determine the right of Pioneer in this replevin action to possession of the mobile home here involved which, it must be remembered, is the crucial issue for our determination. Pioneer may recover judgment in this replevin action only upon the strength of its own right to possession and not upon the weakness of the defendant's right thereto. CL 1948, §§ 627.3, 627.5, 627.23 (Stat Ann §§ 27.1815, 27.1817, 27.1835). Regardless of defendant Dart's legal right, or lack thereof, to seize possession of the mobile home, we must determine plaintiff Pioneer's right to its possession, or its value, by measuring Pioneer's claim of reserved title against whatever lawful claims Dart may have against Bristow.

Whether or not the conditional sales contract between Bristow and the Spinnells is valid can only affect Dart's security for money advanced by Dart to effectuate the sale. Normally, Dart would be repaid in instalments from the Spinnells but, upon their default and failure of the security, it is entitled to repayment from Bristow. This the parties clearly contemplated and expressed in terms of Bristow's unconditional indorsement and guarantee of the Spinnell note. Although cast in terms of a sale of a note and assignment of a contract (which may or may not be legally valid) by Bristow to Dart, the

essential characteristics of their relationship make it one of debtor and creditor.

Financing of wholesale and retail purchases of automobiles, mobile homes and other major items in the manner disclosed by this record has assumed such importance in our commercial life that we may take judicial notice of the common practices of finance companies and banks in acquiring notes, conditional sales contracts, chattel mortgages, and the like to secure their advances. In common business parlance, commercial paper is "bought and sold," "discounted," or "negotiated," but the essential nature of the relationship between the seller and the financier is, by the use of guaranties and of indorsements with recourse, that of debtor and creditor. In the event of the purchaser's default, the financier looks to the seller (the manufacturer or the dealer) for recovery of his advances.

The close similarity between financing the purchase of a mobile home and the purchase of an automobile makes pertinent what we have previously quoted (*In re Petition for Dissolution of Willys-Detroit, Inc.*, 287 Mich 689, 696, 697, and *Daas v. Contract Purchase Corp.*, 318 Mich 348, 362) from *Root v. Republic Acceptance Corp.*, 279 Pa 55, 57 (123 A 650):

"The complicated dealings between many of those trafficking in, and loaning money on, automobiles have reached a point where the courts must strip transactions of their pretenses and look at them as they really are, with the camouflage of papers giving a similitude of the passing of title removed, or they will be dealing with fictions instead of facts. Those who buy and sell, bail and loan money on motor vehicles must be given to understand that the realities of their transactions will be sought for by the courts; they will look through the screen of paper titles to ascertain what was the real situation."

In *Spencer* v. *Staines,* 292 Mich 672, 674, this Court said:

"The statute requiring filing of the conditional sales contract in order for the reservation of title to be effective, except as between the vendor and vendee, was obviously intended for the protection of creditors extending credit during the period the instrument was not on file and subsequent mortgagees and purchasers in good faith."

This accords with the protection given creditors by the uniform trust receipts act, PA 1952, No 19 (CLS 1956, § 555.401 *et seq.* [Stat Ann 1959 Rev § 19.535(1) *et seq.*]),[4] and by our requirement for filing chattel mortgages, CLS 1956, § 566.140, as amended (Stat Ann 1959 Cum Supp § 26.929).

As has already been suggested above, Pioneer had it within its own power to protect itself against what here occurred by filing its contract of conditional sale before reliance could be placed by innocent purchasers or creditors upon Bristow's apparent title to the trailer and right to sell it unencumbered. By its failure to protect itself, it put it in the power of the dealer to mislead prospective purchasers and his creditors and to perpetrate a fraud. It cannot now insist upon niceties of form to enforce by an action in replevin against Dart its retained title in the face of commercial realities which require reliance upon apparent title for the extension of credit.

Reversed and remanded for entry of judgment in favor of defendants. Costs may be taxed.

DETHMERS, C. J., and CARR, KELLY, BLACK, and KAVANAGH, JJ., concurred.

OTIS M. SMITH and ADAMS, JJ., took no part in the decision of this case.

---

[4] See *Motor Bankers Corp.* v. *C. I. T. Corp.*, 258 Mich 301, for similar protection of creditors before adoption of the act.