ENGLAND MOTOR COMPANY *v.*
MURDOCK ACCEPTANCE CORPORATION

No. 42313          April 23, 1962          140 So. 2d 289

*Wynn, Hafter, Lake & Tindall, Burrell O. McGee,* Greenville, for appellant.

*Webb & Webb*, Greenville, for appellee.

GILLESPIE, J.

On January 31, 1961, Willis Brothers Motor Company sold a Pontiac automobile to Wayne and Lorene Hood, residents of Lee County, Mississippi, and the same day the Hoods executed a conditional sales contract whereby the seller retained title until the purchase price was paid. Murdock Acceptance Corporation purchased the conditional sales contract and placed it of record in the office of the Chancery Clerk of Lee County on February 11, 1961, eleven days after its date. A vendee of

Wayne and Lorene Hood sold the Pontiac automobile to England Motor Company on July 15, 1961. England paid full value in good faith and had no actual notice of the conditional sales contract held by Murdock Acceptance Corporation.

Murdock filed a replevin suit against England in county court, where the case was tried upon an agreed statement of facts. The county court decided in favor of England. On appeal to the circuit court, the case was reversed and judgment entered for Murdock. England perfected an appeal to this Court.

The question: Is a conditional sales contract valid and binding against subsequent purchaser for value without actual notice when the contract is not filed within ten days as required by Code Section 8075-01(6) but is filed before sale to subsequent purchaser?

Prior to 1958 an unrecorded conditional sales contract retaining title to a motor vehicle in the seller until the purchase price was paid was valid and binding against subsequent lienholders and purchasers for value without notice. Pike County v. Frazier, 212 Miss. 516, 54 So. 2d 745. In 1958, the legislature enacted a law regulating installment sales of motor vehicles. Chapter 495, Laws of 1958, brought forward as Sections 8075-01 to 8075-24, Miss. Code of 1942, as amended. Section 8075-01(6) is in part as follows:

"No such retail installment contract shall be valid and binding against subsequent lienholders or purchasers for value without notice unless the same shall be filed for recording in the chattel mortgage records in the office of the Chancery Clerk of the county of the residence of the retail buyer within ten (10) days after the date of said retail installment contract." (By definition a conditional sales contract is a retail installment contract.)

In abrogating the doctrine of caveat emptor in connection with installment sales of motor vehicles, the

legislature recognized that the seller needed protection for a reasonable period of time intervening between a sale of a motor vehicle and the filing of the conditional sales contract with the chancery clerk of the county of the purchaser's residence. The ten-day provision in the statute was not to render the instrument unrecordable and void if not recorded within ten days, but to give the grantee the same protection for a reasonable length of time that he would have if his conditional sales contract were actually a matter of record. **(Hn 2)** Therefore, when the conditional sales contract is not filed for record within ten days after its date, but is filed after the expiration of said time, it will constitute constructive notice to all lienholders and purchasers acquiring rights in the property after the contract is filed for record. 47 Am. Jur., Sales, Sec. 907; 45 Am. Jur., Records and Recording, Sec. 54. This construction is consistent with the recording statutes.

Affirmed.

*Lee, P. J.,* and *Kyle, Ethridge* and *Jones, JJ.,* concur.