CARIBE MOTORS CORPORATION, Plaintiff and Appellant, v. ANTONIO PETRILLI, Defendant; FRANCISCO GARCÍA, JR.; and CARMEN AYALA OQUENDO, Interveners and Appellees.

No. 180. Decided December 3, 1962.

*Córdova & González* and *Robert E. Schneider, Jr.,* for appellant. *J. Mejías Santana* and *G. Lacot Salgado* for interveners and appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Antonio Petrilli, who was engaged in the purchase and sale of motor vehicles, purchased two automobiles from Caribe Motors Corporation under a conditional sales contract. Two separate transactions were carried out. As respects the first vehicle, he agreed to pay the amount due within a period of 90 days, and as to the other vehicle, within 60 days. The first transaction involved the sale of a 1957 Buick car. The conditional sales contract was signed on July 3, 1958 and filed in the Motor Vehicles Division of the Department of Public Works on the following July 31. The contract was recorded in the Register of Conditional Sales of that department on August 25, 1958 under No. 57,725. The same day of July 3, when the conditional sales contract between

Caribe and Petrilli was signed, the latter sold the Buick to Carmen Ayala Oquendo. The second transaction between Caribe and Petrilli involved the sale of an Oldsmobile car. In this transaction the conditional sales contract was signed on July 21, 1958, but according to the testimony of the Chief of the Motor Vehicles Division there is no record of the filing date in the Department of Public Works. On September 15, 1958 it was recorded under No. 59,175. On September 3, 1958 Petrilli sold the Oldsmobile to Francisco García, Jr. In the transactions carried out by Petrilli and Carmen Ayala Oquendo and Francisco García, the purchasers traded in used cars and paid the balance with money from loans negotiated with Banco Crédito y Ahorro Ponceño; however, Petrilli did not pay to Caribe the amount due on those vehicles at the expiration of the periods agreed upon. Thereupon Caribe filed proceedings to repossess the vehicles. Both proceedings were consolidated. The purchasers intervened in the action for repossession brought by Caribe. They alleged that they were purchasers in good faith. Let us consider their contention.

Section 59 of the Code of Commerce—10 L.P.R.A. § 1154— provides that "the purchase of merchandise at warehouses or in stores open to the public shall cause prescription of right in favor of the purchaser as regards the merchandise acquired. The right of the owner of the merchandise sold to bring such civil or criminal actions as may be proper against the person unduly selling said merchandise, is hereby reserved in proper cases." See comments on the corresponding section of the Spanish Code of Commerce in I GAY DE MONTELLÁ, *Código de Comercio Español Comentado*, 85 (Barcelona 1936); *cf. Fuentes* v. *John Doe*, 84 P.R.R. 486 (1962). The cited provision was affected by § 3 of the Conditional Sales Act, No. 61 of April 13, 1916, as amended—10 L.P.R.A. § 31 *et seq.*—which provides that the subsequent purchaser of chattels and goods subject to a conditional sales contract ac-

650

quires them free from the conditions agreed upon between the original vendor and the first vendee, unless such contract has been filed.[1]

■ Now then, what does the Act require in order that a conditional sales contract may affect subsequent acquirers? We have said that it is necessary that the contract be filed. As respects motor vehicles, it provides that such filing shall be made in the Department of Public Works. The Act provides as follows in its § 4:

"Such contracts shall be filed in the municipality where the conditional vendee resides, not later than thirty (30) days after their execution; and if they are not registered within the thirty (30) days, they shall have no effect against third parties. The secretary of each municipality shall keep a register called 'Register of Conditional Sales', in which he shall record such contracts of conditional sales as are presented to him for that purpose, but he shall record no contract presented outside of the term hereinabove prescribed. Whenever a contract of conditional sale is presented to the secretary of a municipality, he shall immediately make an entry in said register, stating the name of the conditional vendor, the name of the conditional vendee, and the names of any other parties to said contract; a brief description of the movable goods and chattels transferred by said contract of conditional sale; the future event of contingency required to occur before the ownership of such goods and chattels shall pass from the vendor to the vendee; the amount due upon such contract and the date when due; the day, hour, and minute of presentation, and a reference to the files where such contract, or a copy thereof as above provided, may be readily found. A separate index book shall be kept in which the names of the conditional vendors shall be entered at once in alphabetical order in a column marked Conditional vendor, and the name of the conditional vendee in a column marked Conditional vendee, and a reference shall be made therein to the place in the register of conditional sales where said record

---

[1] The word "filed" is used in the English version and we have already held that the English version prevails. *National Cash Register Co.* v. *Berdeguez*, 37 P.R.R. 149 (1927). Further more in § 4 the word "*archivar*" is used in the Spanish.

may be found; *Provided, however,* That when the object of the conditional sale is a motor-vehicle except tractors, the contract shall be filed in the Department of Public Works, in the same form, within the same term, and with the same effect as hereinabove prescribed. The Secretary of Public Works shall keep a register known as Conditional Sales Register in which shall be registered the conditional sale contracts presented for said purpose. When a conditional sale contract is presented to the Secretary of Public Works, he shall immediately make an entry in said register, stating the name of the conditional vendor, of the conditional vendee, and of any other parties to said contract; the make of the vehicle, the manufacturer of the vehicle, the number of the motor, and the horse-power of the motor; the hour of the presentation of the contract, the day and year of the date of the contract, the event or contingency required to occur before the ownership of said vehicle passes from the vendor to the vendee, the amount owed under said contract, and the date of its maturity, as well as a reference to the files where said contract or a copy thereof, as hereinabove prescribed, may be readily found. He shall keep as separate index in which he shall note immediately, in alphabetical order, the name of the conditional vendor in a column marked conditional vendor and the name of the conditional vendee in a column marked Conditional vendee, and he shall refer therein to the place in the Conditional Sales Register where said registration may be found; *Provided,* That the Secretary of Public Works can make no transfer of the license issued for a vehicle sold under a conditional sale contract until he has received an authentic certificate issued by the vendor stating that the vendee has complied with all the requirements of the conditional sale contract; *Provided, further,* That in cases of the registration of the conditional sale of motor-vehicles, by the Department of Public Works, the fees to be paid in accordance with section 39 of this title shall be paid in internal-revenue stamps to the Secretary of Public Works.

"The conditional sale contracts filed in the Register of Conditional Sales of the Department of Public Works shall be cancelled after three (3) years from the date of expiration of the contract, provided the conditional vendor does not apply for an extension of time upon being notified therefor by the Secretary of Public Works."

■ According to the cited provision, the Secretary of Public Works shall keep a register in which he shall record forthwith the conditional sales contract presented, setting forth the day, hour, and minutes of the presentation. He shall also keep an index for entering in alphabetical order the names of the conditional vendors and the name of the conditional vendee, and reference shall be made therein to the place in the Register of Conditional Sales where the corresponding record may be found. Evidently the lawmaker contemplated the simultaneity between the presentation and the recording, not the absolute simultaneity since this is not possible, but rather the simultaneity in the Registry of Property when the document is presented and the entry of presentation is made. The conditional vendor has 30 days from the date the conditional sales contract is executed to file the same in the Department of Public Works. As already stated, as soon as the contract is presented in the department it is entered in the register setting forth the day, hour, and minutes of presentation. If the contract is filed within 30 days after its execution, every person who acquires the vehicle acquires it subject to the conditions established in the contract.

We turn to consider the circumstances present in each one of the cases for repossession brought by appellant.

### Case of Buick Automobile

■ In this case the conditional sales contract was executed on July 3, 1958 by Caribe and Petrilli. It was presented in Public Works on the following July 31, that is, within the 30-day statutory period. The filing within 30 days from the execution of the contract is sufficient to enable every subsequent purchaser to acquire the vehicle subject to the conditions agreed upon in the conditional sales contract. Apparently, on the date the contract object of this action was filed in the Department of Public Works the above-cited legal provision, which requires that the presentation be en-

tered immediately setting forth the date, hour, and minutes of the presentation, was not complied with.[2] However, the fact that the officers in charge of implementing the Act failed to do their duty should not prejudice at all the conditional vendor who has complied by presenting the conditional sales contract for recording. It has been held that the presentation of the contract for filing as required by law is sufficient without being prejudiced by the errors or omissions of the recording officer. The presumption is that the officer is not his agent, for whose negligence he shall be responsible, but someone designated by the State to do his duty. In the case of *In re Labb*, 42 F. Supp. 542 (D.C.W.D.N.Y. 1941), it was said following the authorities on this matter:

"... There seems to be little question that, excluding any requirement for entering and indexing, the seller met its full responsibility by filing the instrument, and that the burden of responsibility for mistakes is not upon the seller. 'It is not incumbent upon one presenting to the recording officer for record an instrument which the statute provides to be recorded to see that such officer does his duty. The one presenting it has done all that is required of him when he delivers an instrument which contains the essentials of a valid contract. Thereafter, the burden of responsibility for mistakes is upon the officer.' Jones on Chattel Mortgages and Conditional Sales, Volume 3, Section 1066. Vide, also: Eager on Chattel Mortgages and Conditional Sales, Section 562, page 733; Esterich on Installment Sales, Section 164, page 329; Dodds v. O'Brien, Sup., 166 N.Y.S. 1065; Schmidtman v. Atlantic Phosphate & Oil Corp., 2 Cir., 230 F. 769; In re Avlon Syrup Corp., D.C., 25 F.2d 342; Baker v. Hull, 250 N.Y. 484, 166 N.E. 175. A contract is filed 'when it is delivered to the proper officer, and by him received, to be kept on file.' Presidents and Directors of Manhattan Co. v. Laimbeer, 108 N.Y. 578, 15 N.E. 712, 713; In re Yakel, 118 Misc. 641, 195 N.Y.S. 355."

---

[2] The Chief of the Motor Vehicles Division of the Department of Public Works testified at the hearing that the procedure for making the immediate entry of the filing had already been organized by that time.

See on the same point: *Foshee* v. *Snavely*, 58 F.2d 774 (C.C.A. Va. 1932), *cert. denied*, 53 S.Ct. 85, 287 U.S. 635, 77 L. Ed. 550 (1932); *Village of Crotty* v. *Domm et al.*, 170 N.E. 308 (Ill. 1930); *Schomer* v. *R.L. Craig Co.*, 31 P.2d 396 (Cal. 1934); *Enslen* v. *Thornton*, 62 So. 525 (Ala. 1913); *Benson* v. *Wood Motor Parts Corp.*, 174 S.E. 895 (W.Va. 1934); *Northern Pacific Railway Co.* v. *Advance Realty Co.*, 78 N.W.2d 705 (N.D. 1956); *State of Texas ex rel. City of Fort Worth* v. *Town of Lakeside*, 328 S.W.2d 245 (Texas 1959); *Security Discount Associates Inc.* v. *Lynmar Homes Corp. et al.*, 187 N.Y.S.2d 677 (1959); *O'Neill* v. *Lola Realty Corp. et al.*, 34 N.Y.S.2d 449 (1942), and cases cited in 45 Am. Jur. 486, § 116; 78 C.J.S. § 584; and 70 A.L.R. 591.

The contract having been filed within the statutory period, the purchaser of the Buick acquired it subject to the conditions agreed upon by Petrilli and Caribe Motors.

### Case of Oldsmobile Automobile

The Oldsmobile case is different. Here there is no record of the date in which the conditional sales contract was filed in the Department of Public Works. The only record is the date in which it was actually recorded, September 15, 1958. And we have already said that Petrilli sold this automobile to García on the 3d day of last September.

The purpose of the provision granting to conditional vendors a 30-day period to file the contracts is to protect them by giving them a reasonable period to file them. Any subsequent purchaser who acquires a chattel or good within the period granted by law to file a conditional sales contract does so subject to the conditions established therein for the first purchaser, *Casterline* v. *General Motors Acceptance Corp.*, 171 A.2d 813 (Penn. 1961); *Strickland* v. *Motors Acceptance Incorporated*, 126 So. 2d 156 (Fla. 1960), provided the contract is filed within the 30-day statutory period. *Chase National Bank* v. *Colón*, 56 P.R.R. 281 (1940); *Smallwood* v. *District Court*, 50 P.R.R. 608 (1936).

If he fails to do so, the contract shall be valid between the original contracting parties, but any subsequent acquirer will obtain the thing object of the contract free from conditions. However, if the conditional vendor files the contract subsequent to the 30-day period, the conditions established shall be binding on every acquirer subsequent to the filing date. *England Motor Co.* v. *Murdock Acceptance Corp.*, 140 So. 2d 289 (Miss. 1962).

The case of *Pioneer Finance Company* v. *Dart National Bank*, 113 N.W.2d 775 (Mich. 1962), presents a situation of facts similar to that herein. As in this case, the contract was not filed within the statutory period and the conditional vendee sold the thing object of the contract to a third person. The Supreme Court of Michigan held that the latter had acquired the same free from the conditions imposed by the conditional vendor on the original purchaser.

Thus, in the Oldsmobile case it is clear that García acquired the same free from the conditions imposed by Caribe to Petrilli, since García acquired the Oldsmobile before the contract was recorded and there is no evidence that it was filed within the 30-day statutory period.

Since the trial court determined that the subsequent purchasers of the two vehicles acquired them without being subject to the terms of the conditional sales contract, the judgment appealed from will be reversed as to the case of the Buick automobile purchased by Carmen Ayala Oquendo, and it will be affirmed as to the case of the Oldsmobile purchased by Francisco García, Jr. As thus modified, the judgment appealed from will be affirmed.